cr1-025 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-025-CR





JAMES ALBERT SIMMONS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY



NO. 27,494, HONORABLE TIMOTHY G. MARESH, JUDGE PRESIDING 



 




 This is an appeal from a conviction for driving a motor vehicle in a public place
while intoxicated. In a bench trial the court found the appellant guilty and assessed his
punishment at confinement in the county jail for 180 days and a fine of $1,000.00. The
imposition of the sentence was suspended and the appellant was placed on probation subject to
certain conditions. Appellant gave notice of appeal.

 Appellant urges a single point of error. He challenges the sufficiency of the
evidence to support his conviction. His principal argument is that the evidence was not sufficient
to show that he was intoxicated at the time of the accident in question.

 Martin Odom was the State's first witness. He testified that on April 9, 1990, the
appellant lived with him, his wife and his child in Georgetown; that on that date he, the appellant
and a Bob Morgan were cleaning up trash and debris in his garage and yard; and that they took
their first load to the dump during the noon hour. On their return to the Odom home, they
stopped and purchased a six-pack of beer. Each man consumed two beers after they had returned
to the Odom home and continued their work. About 3:30 p.m., they took their second load to the
dump. Appellant Simmons was driving Odom's pickup truck. Upon returning, they stopped
briefly at the dog pound, and then continued their journey. Along the way, the vehicle came to
a sudden stop. Odom explained that he was seated in the middle and Morgan was on the
passenger side of the truck; that he and Morgan had been "rough-housing" by butting each other's
head; and that he split Morgan's head open. Morgan then pushed Odom into the appellant's lap
causing the appellant to lose control of the vehicle. Odom believed that they hit a fence and
garage. He did not have a good view at the time. Odom revealed that they drove to his house,
got into Morgan's truck and returned to the scene of the accident. They did not stop but returned
to Odom's home several blocks away. On direct examination, Odom testified that appellant was
irate at Morgan, went into the Odom garage and began drinking from Odom's bottle of Jack
Daniels' whiskey. Odom saw appellant take five or six gulps of whiskey in quick succession. 
Odom estimated that the accident occurred about 4:30 p.m. and that the officers did not arrive at
his home for approximately twenty to thirty minutes thereafter. It was his testimony that appellant
had nothing to drink except the two beers earlier in the day, and that the appellant was not
impaired at the time of the accident.

 Georgetown Police Officer Michael Whitehead testified that he received a dispatch
at 4:39 p.m. and arrived at the scene of the accident at 4:45 p.m. He observed a damaged fence
and building. After talking to a twelve-year-old girl and a man, Whitehead was led to a pickup
truck at the Odom home. Whitehead related that when he arrived there at 4:49 p.m. he found the
truck engine still warm and wood on the hood matching the damaged building. Whitehead called
for a wrecker and began procedures for impoundment. He related that a woman approached and
told him the former occupants of the vehicle were inside the residence. Whitehead then called for
backup assistance. Officer Blair arrived and went to interview the men in the residence. When
Blair returned with the three men, she reported that she had administered Miranda warnings to
them. Appellant then stated that he had been the driver of the car. Whitehead detected a strong
odor of alcohol on appellant's person, and observed that appellant's eyes were bloodshot, his
speech was slurred, and he was unsteady on his feet. No field sobriety test was administered. 
Whitehead determined that appellant was intoxicated and arrested him. At the station, appellant
refused a breath test and did not participate in the video tape.

 Officer Whitehead admitted that his offense report reflected that the arrest took
place at 5:25 p.m., but he believed that actually was the time he left the scene of the arrest. When
pressed as to the time of appellant's arrest, the record reflects:



Q: What time was that was my question?


A: Sir, I don't know what time it was.


Q: So, it could have been any time just prior to 5:25?


A: That's correct.


Q: And so, not knowing what time the accident occurred, it could have been
anywhere within an hour. Is that right?


A: That's correct.



 Officer Rhonda Blair testified that she responded to Officer Whitehead's call for
assistance. When she arrived about five minutes later, she was asked to contact the suspects in
the area. She found three men arguing outside the Odom residence. Two of the men were Odom
and the appellant. Both told her appellant had been driving the pickup truck. Blair revealed that
appellant had a strong odor of an alcoholic beverage on his breath, his eyes were red and glassy,
and he was unsteady on his feet. She asked the men to accompany her to the alleyway where
Whitehead was inventorying the pickup truck. Whitehead placed the appellant under arrest. The
other two men were not arrested. Like Officer Whitehead, Blair could not pinpoint the exact time
the arrest took place. It was at 5:25 p.m. as the offense report indicated or before that time.

 Appellant generally corroborated Odom's testimony. He denied that he was
intoxicated at the time of the accident. He related that after the accident he was "irate at Morgan"
and went into Odom's garage and got Odom's whiskey bottle. He had four or five shots of the
whiskey "straight." Thirty to forty-five minutes later, when he came out of the garage, he saw
Officer Blair and tossed the whiskey bottle back into the garage. He estimated that he was
arrested between 5:30 and 6:00 p.m. Appellant admitted that he was beginning to feel "good" and
was impaired at the time of his arrest by virtue of his drinking after the accident.

 In reviewing a challenge to the sufficiency of the evidence, this Court must view
all the evidence in the light most favorable to the verdict or judgment, and determine whether any
rational trier of fact could have found the essential elements of the offense charged beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Butler v. State, 769
S.W.2d 234, 237-39 (Tex. Crim. App. 1979); Dickey v. State, 693 S.W.2d 386, 387 (Tex. Crim.
App. 1984). This standard for review is applicable in both direct and circumstantial evidence
cases. Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986). See Geesa v. State,
No. 290-90 (Tex. Crim. App., November 6, 1991). The burden of proof in a criminal case is on
the State to prove every element of the offense beyond a reasonable doubt, whether the State is
relying on circumstantial or direct evidence. Johnson v. State, 673 S.W.2d 190, 194 (Tex. Crim.
App. 1984).

 It must be kept in mind that in a bench trial the trial court is the trier of facts, and
the judge of the credibility of the witnesses and the weight to be given to their testimony. Johnson
v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978). As the trier of fact, the trial court is
entitled to accept or reject any part or all of the testimony given by the witnesses for the State or
the accused. Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). The reconciliation
of evidentiary conflicts will not require a reversal if there exists sufficient evidence to prove the
elements of the offense. Id.

 The gravamen of the offense of driving while intoxicated under Tex. Rev. Civ.
Stat. Ann. art. 6701l-1 (Supp. 1991) is the operation of a motor vehicle in a public place, while
intoxicated. Kennedy v. State, 797 S.W.2d 695, 696 (Tex. App. 1990, no pet.); Weaver v. State,
721 S.W.2d 495, 498 (Tex. App. 1986, pet. ref'd). To sustain a conviction for driving while
intoxicated, the evidence must show that the accused (1) drove the vehicle, (2) while intoxicated,
(3) in a public place, such as a public road or highway. Nelson v. State, 628 S.W.2d 451, 453
(Tex. Crim. App. 1982); Johnson v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975). The
State may prove intoxication by showing that the accused did not have the normal use of his
physical or mental faculties by reason of the introduction of alcohol into the body. Tex. Rev. Civ.
Stat. Ann. art. 6701l-1(a)(2)(A) (Supp. 1991).

 The information in the instant case in pertinent part alleged that the appellant on
or about April 9, 1990,



did then and there unlawfully drive and operate a motor vehicle in a public place
within said County, to wit: on a public street or highway, when the said
Defendant did not then and there have the normal use of mental and physical
faculties by reason of the introduction of alcohol into the body.



 The appellant contends that the evidence was insufficient to prove that he was
intoxicated at the time he was driving because of the time lapse between the time of the accident
and the time the police arrived and placed him under arrest at the Odom home. Appellant argues
that the only evidence that he was intoxicated was at the time he was placed under arrest and that
the evidence reveals he had been drinking after the accident. The time lapse is not certain. Odom
placed the accident at 4:30 p.m. The accident was reported to the police at 4:35 p.m. Officer
Whitehead received a dispatch at 4:39 p.m. and arrived at the accident scene at 4:45 p.m. 
Whitehead arrived at the Odom home at 4:49 p.m., but he did not see and place the appellant
under arrest until later. The offense report indicated that the arrest took place at 5:25 p.m. which
placed the arrest at approximately fifty-five minutes after the accident. Neither Officer Whitehead
nor Officer Blair could pinpoint the exact time, but felt it was sometime before 5:25 p.m. The
appellant testified that his arrest occurred after 5:30 p.m., and he had been drinking after the
accident for thirty to forty-five minutes before he saw Officer Blair.

 Evidence that a defendant was intoxicated at the time he was arrested is not
sufficient, by itself, to prove that the defendant was intoxicated at the time of the driving. 
Weaver, 721 S.W.2d at 499. Save for the fact that appellant consumed two beers earlier in the
day, there was no evidence that he was intoxicated at the time of the accident. Both Odom and
the appellant testified that he was not intoxicated at that time. There was no expert testimony to
explain absorption and metabolization rates of intoxication to dispel the reasonable possibility
appellant became intoxicated only after the accident.

 Viewing the evidence in the light most favorable to the judgment, we conclude
under the "rationality" test that the State failed to prove an essential element of the offense
charged -- that appellant was intoxicated at the time he was driving the automobile involved in an
accident. See McCafferty v. State, 748 S.W.2d 489, 492 (Tex. App. 1988, no pet.); see also
Johnson v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975); Coleman v. State, 704 S.W.2d
511, 512 (Tex. App. 1986, pet. ref'd). Weaver, 721 S.W.2d at 499, is distinguishable because
in Weaver the officer arrived at the scene within minutes of the accident, and therefore, there was
not a reasonable possibility that the defendant, who appeared intoxicated to the officer upon
arrival, became intoxicated after the accident. We hold the evidence to be insufficient to support
the conviction. Appellant's point of error is sustained. 

 The judgment is reversed and the appellant is ordered acquitted. Burks v. United
States, 437 U.S. 1 (1978); Greene v. Massey, 437 U.S. 19 (1978).



 

 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*]

Reversed and Reformed

Filed: November 27, 1991

[Do Not Publish]






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).