Opinion issued November 21, 2002










  






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01224-CR




EUGENE EDWARD BOLINGER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 882461




O P I N I O N
          A jury found appellant, Eugene Edward Bolinger, Jr., guilty of the felony
offense of driving while intoxicated (DWI), found two enhancement allegations in
the indictment true, and assessed punishment at 60 years’ confinement. In four
related points of error, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction. Specifically, appellant contends the evidence is
legally and factually insufficient to show: (1) that he was intoxicated at the time he
was operating a motor vehicle; and (2) that the loss of use of his mental or physical
faculties was due to alcohol intoxication. We affirm.
Facts
          On July 17, 2001, at approximately 9:30 p.m., Granville Rasberry’s house was
struck by a car. Rasberry was in the house taking a shower when he heard what
sounded like a loud explosion and felt the house shake. He ran to the front door, but
saw nothing, as it was dark and the car that collided with the house had left the scene. 
Rasberry walked outside and noticed that the gas meter had been hit and that he had
lost power.
          Immediately after the collision, Terry Helmcamb, one of Rasberry’s neighbors, 
drove by Rasberry’s house with his bright lights on and noticed a man in a red car
with front end damage and several boys standing by the car hollering and shouting. 
Helmcamb then saw the man in the red car, later identified as appellant, take off at a
high rate of speed. Helmcamb decided to follow the car to the intersection of Market
Street and Cedar Lane, where he saw appellant pushing the car. Helmcamb called the
Harris County Sheriff’s Department. While waiting for the police at an apartment
complex on Market Street, Helmcamb saw appellant park the car and continue
walking.
          Deputy James Romine initially responded to the scene of the accident at
approximately 9:30-9:45 p.m. on July 17, 2001, and talked to the homeowner,
Granville Rasberry. While Deputy Romine was talking with Rasberry, several
members of the Channelview Volunteer Fire Department came to the scene on
Avenue D and told Deputy Romine that Helmcamb had followed the car that struck
the house. Deputy Romine drove to Market Street, where Helmcamb pointed out
appellant walking down the street.
          Deputy Romine then took appellant back to his car, where he noticed that the
front of appellant’s car was damaged. Deputy Romine, who had specialized training
for DWI investigations, testified appellant had a strong odor of alcohol on him, had
quite a bit of trouble maintaining balance or walking, had slurred speech, and
appeared to be under the influence of alcoholic beverages. Appellant refused to
perform any field sobriety tests. Deputy Romine arrested appellant because he
believed appellant had lost the normal use of his physical and mental faculties due to
the introduction of an alcoholic beverage into his body.
          Deputy Romine took appellant to a local police station, which was a 10- to 15-
minute drive from the scene of the arrest. Approximately one hour after the accident,
appellant refused to take a breath test and refused to sign a statutory warning form. 
Deputy Romine asked DPS Trooper Curtis Bunyard to perform field sobriety tests on
appellant. Bunyard testified that appellant had an odor of an alcohol, had slurred
speech, was unsteady on his feet, and appeared to be intoxicated. Bunyard performed
several field sobriety tests on appellant, and appellant’s performance of the tests led
Bunyard to conclude that appellant was intoxicated.
          Trooper Bunyard also testified he discussed the events with appellant leading
up to his arrest. Appellant admitted to Trooper Bunyard he had been in an accident
that evening, got scared, and left the scene. Appellant told Bunyard he was going to
come back later and get his car, but could not get it started, so he left.
Sufficiency of the Evidence
A. Intoxication While Driving
          In his first and second points of error, appellant contends the evidence is
legally and factually insufficient to show that he was intoxicated at the time he was
driving.
          We follow the usual standards of review for determining the sufficiency of the
evidence. See Jackson v. Virginia, 443 U.S. 307, 318-319 (1979) (legal sufficiency);
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual sufficiency).
          To convict for DWI, the State had to prove appellant was intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a)
(Vernon 1994) (emphasis added). Appellant admits that he had been driving and that
he had an accident. However, his appeal focuses on the time gap between the
accident and the time the officers arrested him and subsequently administered the
sobriety tests.
          “Indications that the accused was intoxicated at the time the police arrived do
not in themselves prove such intoxication at the prohibited time, i.e., when the
accused was driving.” Weaver v. State, 721 S.W.2d 495, 498 (Tex. App.—Houston
[1st Dist.] 1986, pet. ref’d). But conviction is not limited to cases in which a police
officer actually observes the offense. Circumstantial evidence may be used to
establish intoxication while driving.


 A conviction may be affirmed if there is
sufficient evidence of the time elapsed between the accident and the arrival of the
police for the jury to make an informed decision. Id. at 498-99. Erratic driving, a
collision, and leaving the scene of an accident are also instances of impaired
judgment sufficient to establish that a driver did not have the normal use of his mental
faculties. Chaloupka v. State, 20 S.W.3d 172, 175 (Tex. App.—Texarkana 2000, pet.
ref’d).
          In this case, there was evidence that appellant refused a breath test at the police
station approximately one hour after the accident. He subsequently failed several
field sobriety tests. Ten to 15 minutes before arriving at the police station, or
approximately 45 minutes after the accident, Deputy Romain arrested appellant. At
the time of the arrest, Deputy noticed that appellant smelled of alcohol, had slurred
speech, had difficulty maintaining his balance, and refused to take a breath test. “The
testimony of a police officer that an individual is intoxicated is probative evidence
of intoxication.” Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st.
Dist.] 2002, pet. ref’d).
          Furthermore, appellant was not unobserved during the 45 minutes before he
was arrested; he was being followed by Helmcamb, who did not see appellant
consume alcohol after the accident. These facts, coupled with the accident and
appellant’s flight therefrom, are sufficient for a jury to believe beyond a reasonable
doubt that appellant was intoxicated at the time of the accident.
          There being no evidence to suggest that appellant became intoxicated after the
accident, the evidence is not greatly outweighed by contrary proof. Thus, we hold
that there was legally and factually sufficient evidence to show appellant was
intoxicated at the time he drove the car into Raspberry’s house.
          We overrule points of error one and two.
B. Intoxication by Alcohol Consumption
          In points of error three and four, appellant contends there is legally and
factually insufficient evidence to show that appellant had lost the normal use of his
mental or physical faculties due to alcohol intoxication. Specifically, appellant urges
that “[t]he record simply fails to exclude the logical possibility that the appellant had
been injured during his automobile accident, and that what the officers believed to be
signs of intoxication was [sic] in fact symptoms of trauma.”
          However, the State was not required to disprove this alternate hypothosis. See
Geesa v. State, 820 S.W.2d 154, 165 (Tex. Crim. App. 1991), overruled on other
grounds, Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000); Stoutner v. State,
36 S.W.3d 716, 722 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).
          In light of the testimony of the two police officers regarding the odor of alcohol
and appellant’s slurred speech, coupled with appellant’s poor performance on the
sobriety tests, a jury could have determined beyond a reasonable doubt that appellant
was intoxicated because he consumed alcohol. Evidence that appellant suffered an
injury to his chest in the accident does not greatly outweigh the evidence of
intoxication due to alcohol ingestion.
          We hold that the evidence is legally and factually sufficient to show that
appellant had lost the normal use of his physical or mental faculties through alcohol
intoxication. Accordingly, we overrule points of error three and four.
Conclusion
          We affirm the judgment of the trial court.


                                                                        Sherry Radack
                                                                        Justice

Panel consists of Justices Nuchia, Radack, and Keyes.
Do not publish. Tex. R. App. P. 47.