Reversed and Rendered and Memorandum Opinion filed March 10, 2009








Reversed and Rendered and Memorandum Opinion filed March 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00050-CR

_______________

 

JULIAN KUCIEMBA, Appellant

 

V.

 

THE STATE OF TEXAS,  Appellee

                                                                                                                                               


On Appeal from the County Court at Law

Washington County, Texas

Trial Court Cause No. 07-455

                                                                                                                                                

 

M E M O R A D U M  O P I N I O N

Appellant Julian Kuciemba appeals
from his conviction for driving while intoxicated.  A jury found him guilty,
and the trial court sentenced him to 180 days in jail, probated for 18 months,
and a $750 fine.  In two issues, appellant contends that (1) the evidence was
legally insufficient to show that he was intoxicated at the time he was driving,
and (2) the trial court erred in failing to exclude evidence of a blood test. 
We reverse and render a judgment of acquittal.           








                                                             I. 
BACKGROUND

In the early morning hours of
December 19, 2006, Washington County Deputy Jonathan Prior was dispatched to a
one-vehicle rollover accident on U.S. Highway 290.  Upon arriving at the scene,
he observed a dark-colored pickup truck resting upright in a ditch with its
roof crushed.   Deputy Prior saw appellant, who was behind the wheel of the
truck, slide across the center console into the passenger seat and exit the
vehicle.

When Deputy Prior approached, he
noticed appellant using the vehicle to steady himself.  Appellant had sustained
some small lacerations to his forehead from the accident.  When asked what had
happened, appellant told Deputy Prior that he had fallen asleep.  Deputy Prior
testified that he noticed a strong smell of alcohol on appellant=s breath, appellant=s eyes were glassy and bloodshot, he
had trouble standing, and he was slurring his speech.

Approximately three minutes later,
emergency medical services (EMS)  arrived at the scene and began treating
appellant.  Paramedic David Zeiders testified that appellant was a little
unsteady on his feet, and had lacerations to his hands and face and a red strap
mark across his chest.  Zeiders smelled alcohol at the scene but could not
determine its source.  Deputy Prior confirmed that appellant was the only
occupant of the vehicle.  Appellant told Zeiders that he had not lost
consciousness but could not remember the accident.  Appellant agreed to be
transported to the hospital by EMS.  Zeiders testified that because appellant
complained of chest pain, he drew appellant=s blood so that hospital personnel
could determine whether appellant had sustained any cardiac injury.  Zeiders
left the accident scene with appellant at 12:41 a.m. and arrived at Trinity
Medical Center at 12:48 a.m.  After  transferring appellant to the emergency
room, Zeiders deposited the tubes containing appellant=s blood at the nurses= station.








After EMS left the accident scene,
Texas Department of Public Safety (DPS) Trooper Brian Franks arrived to conduct
an accident investigation.  Deputy Prior told Trooper Franks that appellant had
been taken to the hospital and that he suspected the accident was
alcohol-related.  After inspecting the vehicle and taking an inventory of the
property, Trooper Franks released the vehicle to a wrecker service.

Sylvia Waxler, a medical technologist
and the section head of Trinity=s chemistry department, testified that she had retrieved the
vials of appellant=s blood from the nurses= station to perform the tests ordered
by the emergency room doctor, one of which was an alcohol test.  She stated
that the results of appellant=s test revealed a blood-alcohol content of .214. 

Corin Folsom, Trinity=s outpatient records processor,
testified that she complied with a subpoena request from the district attorney=s office for the release of appellant=s medical records.

After the State rested, defense
counsel moved for an instructed verdict on the grounds that the prosecution had
failed to prove that appellant was driving while intoxicated. The court denied
the motion.  The court also denied a defense motion to exclude the results of
the blood test and a second defense motion for instructed verdict based upon
the same grounds as the previous motion.  Following his conviction, appellant
timely filed this appeal.

II.  ANALYSIS

          In his first issue, appellant
contends the evidence was legally insufficient to support a conviction for
driving while intoxicated.  Specifically, he argues that the evidence failed to
establish a temporal link between his driving and intoxication.

In considering this challenge, we
view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007).  This standard of review applies to both
direct and circumstantial evidence cases.  See Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).








A person commits the offense of
driving while intoxicated if the person is intoxicated while driving or
operating a motor vehicle in a public place.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).  AIntoxicated@ means not having the normal use of
mental or physical faculties due to the introduction of alcohol or other
substances into the body.  Id. ' 49.01(2)(A).  The essence of driving
while intoxicated is that someone drove or operated a motor vehicle in a public
place while intoxicated.  See Threet v. State, 157 Tex. Crim. 497, 498,
250 S.W.2d 200, 200 (1952); Zavala v. State, 89 S.W.3d 134, 137 (Tex.
App.CCorpus Christi 2002, no pet.).

In light of appellant=s sufficiency challenge, the critical
inquiry here is whether there is proof from which a fact finder could conclude
that appellant was intoxicated at the time of the driving in question C in other words, a temporal Alink@ between his driving and the intoxication. 
See Zavala, 89 S.W.3d at 139.  To fix the time of an accused=s unlawful driving to support a
conviction for driving while intoxicated, there must be independent evidence of
(1) how recently the vehicle had been driven; or (2) how much time had elapsed
between the accident and the arrival of the police officer.  See Stoutner v.
State, 36 S.W.3d 716, 721 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d) (citing Weaver v. State,
721 S.W.2d 495, 498-99 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d)).  Evidence that the accused was
intoxicated at the scene of an accident when the police arrived does not,
standing alone, establish intoxication at the prohibited time, i.e.,
while the accused was driving.  Stoutner, 36 S.W.3d at 721; Weaver,
721 S.W.2d at 498.  Absent evidence in the record establishing the time of the
accident or of the defendant=s conduct in driving in a public place, the evidence is
insufficient to show that the defendant drove while he was intoxicated.  Stoutner,
36 S.W.3d at 721; Weaver, 721 S.W.2d at 498-99.[1]








 Viewed in the light most favorable
to the prosecution, the evidence establishes that appellant was intoxicated
when Deputy Prior arrived at the scene.  However, there is neither direct nor
circumstantial evidence to establish the necessary temporal link between the
driving and the intoxication.  The State presented no witnesses to testify
regarding appellant=s driving before the accident occurred.  Cf. Chaloupka v.
State, 20 S.W.3d 172, 175 (Tex. App.CTexarkana 2000, pet. ref=d) (witnesses saw defendant speeding
and driving erratically on roadway before accident); Nichols v. State,
877 S.W.2d 494, 496 (Tex. App.CFort Worth 1994, pet ref=d) (witness testified that defendant
drove erratically upon leaving party approximately fifteen minutes before
accident occurred).  Nor is there any evidence to establish how soon after the
accident Deputy Prior arrived at the scene.  Cf. Rawls v. State, 167
Tex. Crim. 106, 108, 318 S.W.2d 662, 663 (1958) (radiator and motor of accident
vehicle were still hot upon officers= arrival); Turner v. State,
877 S.W.2d 513, 514 (Tex. App.CFort Worth 1994, no pet) (engine of accident vehicle was
still leaking steam when officer arrived).

The State does not address appellant=s argument that the evidence is
insufficient to demonstrate a link between his driving and intoxication. 
Instead, it asserts that appellant=s conviction is supported by evidence
that Deputy Prior observed appellant behind the wheel of the vehicle when he
arrived at the accident scene; appellant was unsteady on his feet; his eyes
were glassy and bloodshot, his speech was slurred, and he had a strong odor of
alcohol on his breath; and his blood-alcohol content was .214, more than
two-and-a-half times the legal limit.  Although this evidence supports a
finding that appellant was intoxicated at the accident scene, it is
insufficient to show that appellant was intoxicated while driving.

Under these circumstances, appellant=s first issue challenging the
sufficiency of the evidence must be sustained.  See Johnson v. State,
517 S.W.2d 536, 538 (Tex. Crim. App. 1975).  Therefore, we need not address
appellant=s second issue.  








 

III.  CONCLUSION

Accordingly, we reverse the judgment
of the trial court and render a judgment of acquittal.

 

/s/        William J. Boyce

Justice

 

Panel consists of Justices Yates,
Seymore, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           Before 1991, the State was required to
exclude all reasonable hypotheses except that of the defendant=s guilt when a conviction was based on circumstantial
evidence.  See Johnson v. State, 673 S.W.2d 190, 195 (Tex. Crim. App.
1984) (citing Wilson v. State, 654 S.W.2d 465, 471 (Tex. Crim. App.
1983) (opinion on rehearing)); Zavala, 89 S.W.3d at 138-39.  In Geesa
v. State, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991), overruled on other
grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), the
Court of Criminal Appeals rejected this requirement and held that the legal
sufficiency analysis applicable to cases proved by direct evidence also applied
to cases proved by circumstantial evidence.  This analysis asks whether, after
viewing the evidence in the light most favorable to the State, any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  See Geesa, 820 S.W.2d at 156-57.  Even under the
standard announced in Geesa, there still must be independent evidence of
how recently the vehicle had been driven or how much time elapsed between the
accident and the arrival of the police officer.  See Stoutner, 36 S.W.3d
at 721.