Reversed
and Rendered and Majority and Concurring Opinions filed September 30, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00430-CR

____________

 

VINCENT BRASSARD SCILLITANI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 125238

 



 

M A J O R I T Y   O P I N I O N

Appellant Vincent Brassard Scillitani
appeals his misdemeanor conviction for driving while intoxicated.  In two
issues, appellant claims the evidence is legally and factually insufficient to
support his conviction and that the trial court erred in denying his motion to
suppress evidence of the results of a breath test.  Concluding that the
evidence is legally insufficient, we reverse and render a judgment of
acquittal.








I.  Factual and
Procedural Background

Trooper Patrick Hackney responded to a
dispatch call at 1:58 a.m involving a single-vehicle accident on FM 359 in Fort
Bend County.  Upon his arrival, Trooper Hackney observed a vehicle resting in a
ditch.  Trooper Hackney encountered appellant, who admitted driving the
vehicle.  Appellant explained to the officer that he did not know how he lost
control of the vehicle, which came to rest in the ditch.  Trooper Hackney also
encountered two tow truck drivers and appellant=s mother on the
scene.  Trooper Hackney learned that appellant had notified his mother of the
accident; she arrived before Trooper Hackney.  

Trooper Hackney smelled alcohol on
appellant=s breath, but appellant denied having consumed any
alcohol.  Trooper Hackney conducted a horizontal gaze nystagmus (HGN) field
sobriety test on appellant, after which the trooper determined appellant
exhibited all six clues of intoxication.  In conducting a walk-and-turn field
sobriety test, the trooper determined appellant displayed two of eight clues of
intoxication.  In conducting a one-leg-stand field sobriety test on appellant,
the trooper did not discern any clues of intoxication. Appellant consented to a
preliminary breath test.  The breath test confirmed the presence of alcohol on
appellant=s breath.

Based on his observations and the results
of the tests, Trooper Hackney believed that appellant was driving while intoxicated
and placed appellant under arrest.  Following his arrest, appellant submitted
two breath samples on an Intoxilyzer machine.  The first sample showed
appellant=s breath alcohol level to be 0.135 grams of alcohol
per 210 liters of breath at 3:32 a.m.  A second sample at 3:35 a.m. revealed
appellant=s breath alcohol level to be 0.133 grams of alcohol
per 210 liters of breath. 








Appellant was charged with the offense of
driving while intoxicated, to which he pleaded Anot guilty.@  Appellant filed
a motion to suppress the results of the Intoxilyzer breath test, which the
trial court denied.  Following a trial, the jury found appellant guilty as
charged.  The trial court assessed punishment at 180 days in the Fort Bend
County Jail, probated for fifteen months, and a fine of $750.

II.  Issues and Analysis

In his first issue, appellant challenges
the legal and factual sufficiency of the evidence showing that he drove at a
time when he was intoxicated.  In evaluating a legal‑sufficiency
challenge, we view the evidence in the light most favorable to the verdict. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal
is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the witnesses= testimony.   Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of driving
while intoxicated if the person is intoxicated while operating a motor vehicle
in a public place.  Tex. Penal Code Ann.
' 49.04(a) (Vernon
2003).  A person is considered intoxicated if that person does not have the
normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of
those substances or any other substance into the body or by having an alcohol
concentration above 0.08 or more in his breath, blood, or urine.  Tex. Penal Code Ann. ' 49.01(2)(A)B(B) (Vernon 2003).








For there to be legally sufficient
evidence that appellant operated a motor vehicle while intoxicated, there must
be independent evidence of (1) how recently the vehicle was driven or (2) how
much time elapsed between the accident and the arrival of law enforcement
authorities.  See Stoutner v. State, 36 S.W.3d 716, 721 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d); Weaver v. State, 721 S.W.2d
495, 498 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d).  If law
enforcement officers do not observe an accused operating a motor vehicle,
evidence that the accused was intoxicated when law enforcement officers arrived
on the scene, alone, does not establish that the accused was intoxicated at the
prohibited timeCwhile the accused was operating a motor
vehicle in a public place.  See Stoutner, 36 S.W.3d at 721; Weaver,
721 S.W.2d at 498.  Absent evidence in the record establishing the time of the
accident or of the accused=s driving in a public place, the evidence
is legally insufficient to show that the accused drove while he was
intoxicated.[1] 
See Stoutner, 36 S.W.3d at 721; Weaver, 721 S.W.2d at 498B99.








In light of appellant=s admission to
Trooper Hackney that he was the driver of the vehicle and testimony from
appellant=s mother that appellant acknowledged being in an
accident, the evidence is legally sufficient to show that appellant was driving
at the time of the accident.  The evidence is also legally sufficient to
establish that appellant was intoxicated when Trooper Hackney first arrived on
the scene. However, neither direct nor circumstantial evidence establishes the
necessary temporal link between appellant=s driving and his
intoxication.  No witnesses testified regarding appellant=s driving before
the accident.  Cf. Chaloupka v. State, 20 S.W.3d 172, 175 (Tex. App.CTexarkana 2000,
pet. ref=d) (involving
witnesses who saw the accused driving erratically and speeding before the
incident).  The record does not contain any evidence to establish how soon
after the accident Trooper Hackney arrived on the scene.  Cf. Rawls v. State,
318 S.W.2d 662, 663 (Tex. 1958) (involving evidence that vehicle=s radiator and
motor were still hot upon the responding officer=s arrival);
Layland v. State, 144 S.W.3d 647, 651 (Tex. App.CBeaumont 2004, no
pet.) (involving officer who arrived on scene to find tires spinning and motor
running); Turner v. State, 877 S.W.2d 513, 514B15 (Tex. App.CFort Worth 1994,
no pet.) (concluding that the accident vehicle=s engine leaking
steam was evidence that the accident had just happened). 

The State urges that appellant=s conviction is
supported by facts establishing the approximate time of appellant=s driving and
appellant=s intoxication at that time.  The State asserts that
appellant=s mother testified that appellant called her on July
7, 2006 and told her that he had been in an accident.  However, appellant=s mother did not
so testify; rather, she testified that, at some point Aduring that night,@ appellant called
her and told her that there had been an accident.[2] 
A reasonable juror could conclude that Aduring that night@ meant sometime
during the night of July 6-7, 2006.   Appellant=s mother did not
specify when during this night appellant called her. Though it would be
reasonable to conclude that the accident occurred before appellant called his
mother and told her he had been in an accident, appellant=s mother did not
offer any testimony as to how long before this call the accident occurred.  








The State also notes that appellant did
not dispute that he crashed his vehicle on July 7, 2006, either at trial or on
appeal.  However, neither in the complaint nor in any testimony did any person
ever assert that appellant crashed his vehicle on July 7, 2006.  More
importantly, appellant=s failure to deny that the crash occurred
on July 7, 2006, does not constitute independent evidence of (1) how recently
the vehicle was driven or (2) how much time elapsed between the accident and
Trooper Hackney=s arrival.  See Stoutner, 36 S.W.3d
at 721; Weaver, 721 S.W.2d at 498.  Though the State also notes that
there was no evidence that appellant was drinking after the accident, or that
he left the accident scene and returned, or that he became intoxicated after he
stopped driving, this absence of evidence does not constitute such independent
evidence.

The State also observes that appellant
consistently maintained that he had not been drinking, and the State asserts
that this false denial was evidence that he was conscious that he was guilty of
driving while intoxicated.  There was evidence that appellant was intoxicated
at the scene of the accident, and we presume that the jury did not credit
appellant=s assertion that he had not been drinking. 
Nonetheless, evidence of appellant=s intoxication at
the accident scene and appellant=s false denial
that he had been drinking do not constitute independent evidence of (1) how
recently the vehicle was driven or (2) how much time elapsed between the
accident and Trooper Hackney=s arrival.  See Stoutner, 36 S.W.3d
at 721; Weaver, 721 S.W.2d at 498.  

The record also contains evidence of the
following:

!       Appellant=s mother and two wrecker drivers
arrived at the scene of the accident before Trooper Hackney did.

!       Trooper Hackney was
dispatched to the scene at approximately 2:00 a.m. on July 7, 2006.

!       The preliminary breath test
confirmed the presence of alcohol in appellant=s breath, and the Intoxilyzer registered appellant=s alcohol concentration at 0.135 at
3:32 a.m.  








!       Based on the results of the
HGN (horizontal gaze nystagmus) test that he had given appellant, Trooper
Hackney formed an opinion that appellant was operating a motor vehicle in a
public place while intoxicated.

!       Appellant told Trooper
Hackney that he did not know how he had lost control, but that he lost control
of the vehicle and ended up in the ditch.

!       In Trooper Hackney=s opinion, the accident was Apretty much due to drinking, unsafe
speed because it was wet out there, the roads were wet, that he failed to drive
in a single lane and drove off the side of the road there and hit the pole.@

Although this evidence supports a finding
that appellant was intoxicated at the accident scene upon Trooper Hackney=s arrival, neither
this evidence nor any evidence introduced at trial constitutes independent
evidence of (1) how recently the vehicle was driven or (2) how much time
elapsed between the accident and Trooper Hackney=s arrival.  See
Stoutner, 36 S.W.3d at 721; Weaver, 721 S.W.2d at 498.  

The State relies heavily on the Zavala
case. See Zavala v. State, 89 S.W.3d 134, 137B38 (Tex. App.CCorpus Christi
2002, no pet.).  However, in Zavala the court was able to pinpoint the
accused=s driving to a
time between 11:00 p.m., when Zavala admitted to last drinking an alcoholic
beverage, and 3:40 a.m., when the officer was dispatched to the accident scene
and determined the accused was intoxicated.  See 89 S.W.3d at 140. 
There is no similar testimony in this case as to the timing of any drinking by
appellant.  Therefore, Zavala is not on point.  

We similarly distinguish Purvis v.
State, upon which the State also relies, because the accused in that case
also admitted drinking four beers before the accident.  See 4 S.W.3d
118, 122 (Tex. App.CWaco 1999, no pet.).  In the instant case,
appellant denied drinking any alcoholic beverage.








The State also cites the court=s analysis in Stoutner.
See Stoutner, 36 S.W.3d at 721B22.  First, as
conceded by the State, the Stoutner court concluded that, for there to
be legally sufficient evidence that appellant operated a motor vehicle while
intoxicated, there must be independent evidence of (1) how recently the vehicle
was driven or (2) how much time elapsed between the accident and the arrival of
law enforcement authorities.  See id.  Though the Stoutner court
did affirm the conviction, in that case, law enforcement officers observed the
appellant operating the motor vehicle, and the appellant admitted that he and a
friend had been out drinking at a bar and were on their way home after the bar
closed.  See id. at 719B23.  

Under the applicable standard of review,
the evidence is legally insufficient to support the jury=s determination
that appellant was intoxicated while operating a motor vehicle.  See Johnson
v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975); Coleman v. State,
704 S.W.2d 511, 512 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d); Stoutner,
36 S.W.3d at 721.[3] 
Therefore, we sustain appellant=s first issue challenging the legal sufficiency
of the evidence to support his conviction for driving while intoxicated. 
Accordingly, we do not reach the merits of appellant=s second issue.

Having sustained
appellant=s first issue, we reverse the judgment of the trial
court and render a judgment of acquittal.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Chief Justice
Hedges, Justice Frost, and Senior Justice
Hudson (Hudson, S.J., concurring).*

 

Publish C Tex.
R. App. P. 47.2(b).









[1]  Prior to 1991, the State was required to exclude all
reasonable hypotheses except that of a defendant=s guilt when a conviction was based on circumstantial evidence.  See
Johnson v. State, 673 S.W.2d 190, 195 (Tex. Crim. App. 1984), overruled
by Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). 
However, the Texas Court of Criminal Appeals rejected this requirement and held
that the legal-sufficiency analysis applicable to cases proved by direct
evidence also applied to cases proved by circumstantial evidence. This analysis
asks whether, after viewing the evidence in the light most favorable to the
State, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  See Geesa v. State, 820 S.W.2d
154, 158 (Tex. Crim. App. 1991), overruled on other grounds by Paulson
v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).  The State asserts
that all but one of the cases cited by appellant were decided before Geesa. 
See Johnson v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975); Weaver,
721 S.W.2d at 498B99; Coleman v. State, 704 S.W.2d 511, 512 (Tex.
App.CHouston [1st Dist.] 1986, pet. ref=d);  Sinast v. State, 688 S.W.2d 631 (Tex. App.CCorpus Christi), pet. ref=d per curiam,
698 S.W.2d 153 (Tex. Crim. App. 1985).  However, in these cases the analysis is
based on the State=s failure to prove that the appellant was intoxicated
while driving, and they do not rely on the former requirement that the State
exclude all reasonable hypotheses except that of a defendant=s guilt.  Even under the standard announced in Geesa,
there still must be independent evidence of how recently the vehicle had been
driven or how much time elapsed between the accident and the law enforcement
officer=s arrival on the scene.  See Stoutner, 36
S.W.3d at 721.





[2]  Appellant=s mother also testified that there
was an accident and that appellant was at the scene. However, this testimony does not show the approximate time of appellant=s driving or the accident.





[3]  We note the reasoning of this court in Kuciemba
v. State, No. 14-08-00050-CR, 2009 WL 585978, (Tex. App.CHouston [14th Dist.] Mar. 10, 2009, pet. filed) (not
designated for publication, mem. op.), though this unpublished case has no
precedential value.





*  Senior Justice Harvey Hudson, sitting by assignment.