**Freddie Olin HUDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48281.

Court of Criminal Appeals of Texas.

June 19, 1974.

James E. Ferguson, Cleburne, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of subsequent offense driving while intoxicated, a felony. The jury assessed his punishment at five years' imprisonment.

Appellant's second ground of error urges that his motion for instructed verdict should have been granted because there was no evidence that he had in fact driven the vehicle.

The statement of facts reveals that the State offered the testimony of three witnesses, two of whom were the arresting officers. Since the testimony of these officers was substantially the same, it will be summarized.

The officers were patrolling on State Highway 174 in Johnson County at about 9:50 p.m. They observed the taillights of a number of cars parked on the right shoulder of the road ahead of them. On arriving at the location of the parked cars, the officers observed a blue 1966 Oldsmobile with a flat tire and warped front wheel resting in a ditch near the road.

When the officers approached the disabled vehicle, they saw the appellant sitting in the driver's seat with his feet on the ground. As they neared it, he threw a number of empty beer cans and bottles from the car, began cursing, and was "very unruly." The officers placed the appellant under arrest, since he smelled strongly of alcohol and was, in their opinion, intoxicated.

The State's last witness was a car dealer who testified that he had previously sold a 1966 blue Oldsmobile to the appellant's wife, and that appellant had signed the note taken in payment.

It will be observed that there was no testimony whatsoever as to how long the blue Oldsmobile had been where it was found; no testimony that the car in which appellant was found was the same as that he had purchased; and, although there were at least two other cars present, no testimony regarding how the car came to be where it was, and who was driving. In short, there is no evidence which shows that appellant actually drove the car, an essential element of the offense. See Snider v. State, 145 Tex.Cr.R. 59, 165 S.W.2d 904 (1942); Weldon v. State, 397 S.W.2d 859 (Tex.Cr.App.1965) and Gamboa v. State, 481 S.W.2d 423 (Tex.Cr.App.1972). In the absence of such proof, the evidence is insufficient to support conviction.

Our disposition of appellant's second ground of error renders discussion of this first and third grounds of error unnecessary.

The judgment is reversed and the cause remanded.