Vincent Brassard SCILLITANI,
Appellant

v.

The STATE of Texas, Appellee.

No. 14–08–00430–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 30, 2009.

Anthony Ray Segura, Sugar Land, TX,
for Appellants.

Jason Travis Bennyhoff, Richmond, TX,
for State.

Panel consists of Chief Justice
HEDGES, Justice FROST, and Senior

Justice HUDSON.*

## MAJORITY OPINION

### KEM THOMPSON FROST, Justice.

Appellant Vincent Brassard Scillitani appeals his misdemeanor conviction for driving while intoxicated. In two issues, appellant claims the evidence is legally and factually insufficient to support his conviction and that the trial court erred in denying his motion to suppress evidence of the results of a breath test. Concluding that the evidence is legally insufficient, we reverse and render a judgment of acquittal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Trooper Patrick Hackney responded to a dispatch call at 1:58 a.m. involving a single-vehicle accident on FM 359 in Fort Bend County. Upon his arrival, Trooper Hackney observed a vehicle resting in a ditch. Trooper Hackney encountered appellant, who admitted driving the vehicle. Appellant explained to the officer that he did not know how he lost control of the vehicle, which came to rest in the ditch. Trooper Hackney also encountered two tow truck drivers and appellant's mother on the scene. Trooper Hackney learned that appellant had notified his mother of the accident; she arrived before Trooper Hackney.

Trooper Hackney smelled alcohol on appellant's breath, but appellant denied having consumed any alcohol. Trooper Hackney conducted a horizontal gaze nystagmus (HGN) field sobriety test on appellant, after which the trooper determined appellant exhibited all six clues of intoxication. In conducting a walk-and-turn field sobriety test, the trooper determined appellant displayed two of eight clues of intoxication. In conducting a one-leg-stand field sobriety test on appel-

lant, the trooper did not discern any clues of intoxication. Appellant consented to a preliminary breath test. The breath test confirmed the presence of alcohol on appellant's breath.

Based on his observations and the results of the tests, Trooper Hackney believed that appellant was driving while intoxicated and placed appellant under arrest. Following his arrest, appellant submitted two breath samples on an Intoxilyzer machine. The first sample showed appellant's breath alcohol level to be 0.135 grams of alcohol per 210 liters of breath at 3:32 a.m. A second sample at 3:35 a.m. revealed appellant's breath alcohol level to be 0.133 grams of alcohol per 210 liters of breath.

Appellant was charged with the offense of driving while intoxicated, to which he pleaded "not guilty." Appellant filed a motion to suppress the results of the Intoxilyzer breath test, which the trial court denied. Following a trial, the jury found appellant guilty as charged. The trial court assessed punishment at 180 days in the Fort Bend County Jail, probated for fifteen months, and a fine of $750.

## II. ISSUES AND ANALYSIS

In his first issue, appellant challenges the legal and factual sufficiency of the evidence showing that he drove at a time when he was intoxicated. In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.1984). The verdict may not be overturned unless it is irration-

* Senior Justice Harvey Hudson, sitting by assignment.

al or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim.App.1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State,* 867 S.W.2d 43, 47 (Tex.Crim.App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). A person is considered intoxicated if that person does not have the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of those substances or any other substance into the

body or by having an alcohol concentration above 0.08 or more in his breath, blood, or urine. TEX. PENAL CODE ANN. § 49.01(2)(A)-(B) (Vernon 2003).

 For there to be legally sufficient evidence that appellant operated a motor vehicle while intoxicated, there must be independent evidence of (1) how recently the vehicle was driven or (2) how much time elapsed between the accident and the arrival of law enforcement authorities. *See Stoutner v. State,* 36 S.W.3d 716, 721 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd); *Weaver v. State,* 721 S.W.2d 495, 498 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd). If law enforcement officers do not observe an accused operating a motor vehicle, evidence that the accused was intoxicated when law enforcement officers arrived on the scene, alone, does not establish that the accused was intoxicated at the prohibited time—while the accused was operating a motor vehicle in a public place. *See Stoutner,* 36 S.W.3d at 721; *Weaver,* 721 S.W.2d at 498. Absent evidence in the record establishing the time of the accident or of the accused's driving in a public place, the evidence is legally insufficient to show that the accused drove while he was intoxicated.[1] *See Stoutner,* 36 S.W.3d at 721; *Weaver,* 721 S.W.2d at 498–99.

---

1. Prior to 1991, the State was required to exclude all reasonable hypotheses except that of a defendant's guilt when a conviction was based on circumstantial evidence. *See Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim. App.1984), *overruled by Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim.App.1991). However, the Texas Court of Criminal Appeals rejected this requirement and held that the legal-sufficiency analysis applicable to cases proved by direct evidence also applied to cases proved by circumstantial evidence. This analysis asks whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App.1991),

*overruled on other grounds by Paulson v. State,* 28 S.W.3d 570, 573 (Tex.Crim.App.2000). The State asserts that all but one of the cases cited by appellant were decided before *Geesa. See Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App.1975); *Weaver,* 721 S.W.2d at 498–99; *Coleman v. State,* 704 S.W.2d 511, 512 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd); *Sinast v. State,* 688 S.W.2d 631 (Tex. App.-Corpus Christi), *pet. ref'd per curiam,* 698 S.W.2d 153 (Tex.Crim.App.1985). However, in these cases the analysis is based on the State's failure to prove that the appellant was intoxicated while driving, and they do not rely on the former requirement that the State exclude all reasonable hypotheses except that of a defendant's guilt. Even under the standard announced in *Geesa,* there still must be

In light of appellant's admission to Trooper Hackney that he was the driver of the vehicle and testimony from appellant's mother that appellant acknowledged being in an accident, the evidence is legally sufficient to show that appellant was driving at the time of the accident. The evidence is also legally sufficient to establish that appellant was intoxicated when Trooper Hackney first arrived on the scene. However, neither direct nor circumstantial evidence establishes the necessary temporal link between appellant's driving and his intoxication. No witnesses testified regarding appellant's driving before the accident. *Cf. Chaloupka v. State*, 20 S.W.3d 172, 175 (Tex.App.-Texarkana 2000, pet. ref'd) (involving witnesses who saw the accused driving erratically and speeding before the incident). The record does not contain any evidence to establish how soon after the accident Trooper Hackney arrived on the scene. *Cf. Rawls v. State*, 167 Tex.Crim. 106, 318 S.W.2d 662, 663 (1958) (involving evidence that vehicle's radiator and motor were still hot upon the responding officer's arrival); *Layland v. State*, 144 S.W.3d 647, 651 (Tex.App.-Beaumont 2004, no pet.) (involving officer who arrived on scene to find tires spinning and motor running); *Turner v. State*, 877 S.W.2d 513, 514–15 (Tex.App.-Fort Worth 1994, no pet.) (concluding that the accident vehicle's engine leaking steam was evidence that the accident had just happened).

The State urges that appellant's conviction is supported by facts establishing the approximate time of appellant's driving and appellant's intoxication at that time. The State asserts that appellant's mother testified that appellant called her on July 7, 2006 and told her that he had been in an accident. However, appellant's mother did not so testify; rather, she testified that, at some point "during that night," appellant called her and told her that there had been an accident.[2] A reasonable juror could conclude that "during that night" meant sometime during the night of July 6–7, 2006. Appellant's mother did not specify when during this night appellant called her. Though it would be reasonable to conclude that the accident occurred before appellant called his mother and told her he had been in an accident, appellant's mother did not offer any testimony as to how long before this call the accident occurred.

The State also notes that appellant did not dispute that he crashed his vehicle on July 7, 2006, either at trial or on appeal. However, neither in the complaint nor in any testimony did any person ever assert that appellant crashed his vehicle on July 7, 2006. More importantly, appellant's failure to deny that the crash occurred on July 7, 2006, does not constitute independent evidence of (1) how recently the vehicle was driven or (2) how much time elapsed between the accident and Trooper Hackney's arrival. *See Stoutner*, 36 S.W.3d at 721; *Weaver*, 721 S.W.2d at 498. Though the State also notes that there was no evidence that appellant was drinking after the accident, or that he left the accident scene and returned, or that he became intoxicated after he stopped driving, this absence of evidence does not constitute such independent evidence.

■ The State also observes that appellant consistently maintained that he had not been drinking, and the State asserts

---

independent evidence of how recently the vehicle had been driven or how much time elapsed between the accident and the law enforcement officer's arrival on the scene. *See Stoutner*, 36 S.W.3d at 721.

**2.** Appellant's mother also testified that there was an accident and that appellant was at the scene. However, this testimony does not show the approximate time of appellant's driving or the accident.

that this false denial was evidence that he was conscious that he was guilty of driving while intoxicated. There was evidence that appellant was intoxicated at the scene of the accident, and we presume that the jury did not credit appellant's assertion that he had not been drinking. Nonetheless, evidence of appellant's intoxication at the accident scene and appellant's false denial that he had been drinking do not constitute independent evidence of (1) how recently the vehicle was driven or (2) how much time elapsed between the accident and Trooper Hackney's arrival. *See Stoutner*, 36 S.W.3d at 721; *Weaver*, 721 S.W.2d at 498.

The record also contains evidence of the following:

- Appellant's mother and two wrecker drivers arrived at the scene of the accident before Trooper Hackney did.
- Trooper Hackney was dispatched to the scene at approximately 2:00 a.m. on July 7, 2006.
- The preliminary breath test confirmed the presence of alcohol in appellant's breath, and the Intoxilyzer registered appellant's alcohol concentration at 0.135 at 3:32 a.m.
- Based on the results of the HGN (horizontal gaze nystagmus) test that he had given appellant, Trooper Hackney formed an opinion that appellant was operating a motor vehicle in a public place while intoxicated.
- Appellant told Trooper Hackney that he did not know how he had lost control, but that he lost control of the vehicle and ended up in the ditch.
- In Trooper Hackney's opinion, the accident was "pretty much due to drinking, unsafe speed because it was wet out there, the roads were wet, that he failed to drive in a single lane and drove off the side of the road there and hit the pole."

Although this evidence supports a finding that appellant was intoxicated at the accident scene upon Trooper Hackney's arrival, neither this evidence nor any evidence introduced at trial constitutes independent evidence of (1) how recently the vehicle was driven or (2) how much time elapsed between the accident and Trooper Hackney's arrival. *See Stoutner*, 36 S.W.3d at 721; *Weaver*, 721 S.W.2d at 498.

The State relies heavily on the *Zavala* case. *See Zavala v. State*, 89 S.W.3d 134, 137–38 (Tex.App.-Corpus Christi 2002, no pet.). However, in *Zavala* the court was able to pinpoint the accused's driving to a time between 11:00 p.m., when Zavala admitted to last drinking an alcoholic beverage, and 3:40 a.m., when the officer was dispatched to the accident scene and determined the accused was intoxicated. *See* 89 S.W.3d at 140. There is no similar testimony in this case as to the timing of any drinking by appellant. Therefore, *Zavala* is not on point.

We similarly distinguish *Purvis v. State*, upon which the State also relies, because the accused in that case also admitted drinking four beers before the accident. *See* 4 S.W.3d 118, 122 (Tex.App.-Waco 1999, no pet.). In the instant case, appellant denied drinking any alcoholic beverage.

The State also cites the court's analysis in *Stoutner*. *See Stoutner*, 36 S.W.3d at 721–22. First, as conceded by the State, the *Stoutner* court concluded that, for there to be legally sufficient evidence that appellant operated a motor vehicle while intoxicated, there must be independent evidence of (1) how recently the vehicle was driven or (2) how much time elapsed between the accident and the arrival of law enforcement authorities. *See id.* Though the *Stoutner* court did affirm the conviction, in that case, law enforcement officers

observed the appellant operating the motor vehicle, and the appellant admitted that he and a friend had been out drinking at a bar and were on their way home after the bar closed. *See id.* at 719–23.

Under the applicable standard of review, the evidence is legally insufficient to support the jury's determination that appellant was intoxicated while operating a motor vehicle. *See Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App.1975); *Coleman v. State,* 704 S.W.2d 511, 512 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd); *Stoutner,* 36 S.W.3d at 721.[3] Therefore, we sustain appellant's first issue challenging the legal sufficiency of the evidence to support his conviction for driving while intoxicated. Accordingly, we do not reach the merits of appellant's second issue.

Having sustained appellant's first issue, we reverse the judgment of the trial court and render a judgment of acquittal.

HUDSON, S.J., concurring.

J. HARVEY HUDSON, Justice, concurring.

"Judges must beware of hard constructions and strained inferences; for there is no worse torture than the torture of laws."[1] This case is simply another in a long line of decisions eschewing common sense in DWI appeals. As an intermediate appellate court we are bound by the precedential decisions of the Texas Court of Criminal Appeals. Thus, I do not dispute the holding or rationale of the majority opinion. Nevertheless, my conscience and intellect "groan" when precedent obliges an irrational decision.

The issue presented here is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In reviewing the sufficiency of the evidence, we should look at "events occurring before, during and after the commission of the offense." *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). "[I]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993). Moreover, "[j]uries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor." *Hooper,* 214 S.W.3d at 14–15. Were we to apply these well-established doctrines to the facts of this case, I do not doubt that we would find the evidence sufficient to support the jury's verdict.

Different rules were established many decades ago with regard to drunken driving. In *Hudson v. State,* for example, two officers patrolling on a state highway at about 9:50 p.m. observed the tail lights of a number of cars parked on the right shoulder of the road ahead of them. *See* 510 S.W.2d 583, 583 (Tex.Crim.App.1974). On arriving at the location of the parked cars, the officers observed a blue 1966 Oldsmobile with a flat tire and warped front wheel

---

3. We note the reasoning of this court in *Kuciemba v. State,* No. 14–08–00050–CR, 2009 WL 585978, (Tex.App.-Houston [14th Dist.] Mar. 10, 2009, pet. filed) (not designated for publication, mem. op.), though this unpublished case has no precedential value.

1. Francis Bacon, *Essays or Counsels* 131 (Charles W. Eliot ed., P.F. Collier & Son 1969) (1625).

resting in a ditch near the road. *Id.* When the officers approached the disabled vehicle, they saw the appellant sitting in the driver's seat with his feet on the ground. *Id.* As they neared it, he threw a number of empty beer cans and bottles from the car, began cursing, and was "very unruly." *Id.* The officers placed the appellant under arrest, since he smelled strongly of alcohol and was, in their opinion, intoxicated. *Id.* The Court of Criminal Appeals reversed the conviction because the jury could not have reasonably deduced from the evidence that the vehicle had ever been driven on a public highway, that the defendant had ever been driving the vehicle, or that he was intoxicated at the time of the accident. *See id.* at 584.

Likewise, in *Johnson v. State,* a highway patrolman came across a crowd of people gathered around a pickup truck which was in the ditch beside the road. *See* 517 S.W.2d 536, 537 (Tex.Crim.App.1975). An intoxicated man in the crowd told the patrolman that he had been driving the vehicle. *See id.* at 537–38. The Court of Criminal Appeals found the evidence legally insufficient to support a conviction for driving while intoxicated. *See id.* The court first reasoned that there was no evidence to show the defendant had been driving on a public highway before veering into the adjacent ditch. *See id.* at 538. (Presumably, the pickup could have been

mysteriously dropped from the sky.) Second, the court concluded there was no evidence to show the defendant was intoxicated at the time of the accident. *See id.*

Capital murder convictions may be sustained on evidence more tenuous than that presented in *Hudson* and *Johnson.*[2] However, our cultural affinity for alcohol and automobiles has, in my judgment, prejudiced Texas jurisprudence.

I agree there must be some proof of a temporal connection between intoxication and driving. It is, after all, an element of the offense. We must also be mindful that "intoxication does not occur immediately upon the consumption of alcoholic beverages." *State v. Ollison,* 236 S.W.3d 66, 69 (Mo.Ct.App.2007). In fact, the time interval between consumption and intoxication may be thirty to ninety minutes. *Id.* However, collisions with fixed objects well off the roadway are, by their nature, indicative of intoxication.

Here, Trooper Hackney was dispatched to an accident scene at 1:58 a.m. where he observed a vehicle in the ditch adjacent a public road. Two tow trucks and appellant's mother had arrived moments before the trooper. Appellant admitted he had been driving the vehicle on the roadway when he lost control and crashed into the ditch. Moreover, appellant could not recall or explain how he lost control of his vehicle. The majority holds (as we must

**2.** For example, in a DWI case, the State must prove (1) intoxication and (2) driving—and the temporal relationship of these two facts is important. Likewise, in some capital murder cases, the State must prove (1) robbery and (2) murder—and the temporal relationship of these two facts is important. To constitute capital murder, the actor's intention to take the victim's property must precede his murder of the victim; otherwise, the offense is murder–not capital murder.

In a DWI case, proof that a police officer was dispatched to an accident scene where he encountered an intoxicated person who ad-

mitted he was driving the vehicle is legally insufficient. However, in a capital murder case, proof that a defendant killed the victim and subsequently took the victim's property, is sufficient to show his pre-existing intent to rob the victim. *White v. State,* 779 S.W.2d 809, 816 (Tex.Crim.App.1989). While acknowledging that it is certainly possible in such a scenario that the theft of property was an afterthought, the Court of Criminal Appeals has held such evidence sufficient to sustain the imposition of the death penalty. *See id.*

in light of *Hudson* and *Johnson* ) that no reasonable jury could have concluded from this evidence that appellant was intoxicated at the time of the accident. It is an interesting legal theory, but how does our decision square with reality?

It is true that both sober and intoxicated drivers have accidents. But how many times does a sober driver *inexplicably* leave the roadway? Certainly, a sober driver may be distracted, experience a mechanical failure, or lose traction. However, one indicator of sobriety is that the sober driver has some opinion, understanding, or theory as to how he left the roadway and collided with a fixed object. Here, appellant had no clue. Moreover, the arrival of tow trucks and appellant's mother, in the early morning hours, at the accident site, moments before the trooper's arrival, indicate the recent nature of the accident. However, the evidence presented here is no more compelling than that presented in *Hudson* and *Johnson.* As an intermediate appellate court, we are bound by precedent. Nevertheless, "there comes a point where [an appellate court] should not be ignorant as judges of what we know as men." *Watts v. Indiana,* 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L.Ed. 1801 (1949). Accordingly, if we were not restrained by precedent, I would find the evidence legally sufficient.

With these observations, I reluctantly concur in the judgment.