

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0069-10

**VINCENT BRASSARD SCILLITANI, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## FORT BEND COUNTY

*Per curiam.*

## O P I N I O N

Appellant was convicted of driving while intoxicated. The Court of Appeals reversed, finding the evidence insufficient because there was no evidence of how recently the vehicle had been driven or how much time had elapsed between the accident and the arrival of law

enforcement. *Scillitani v. State*, 297 S.W.3d 498 (Tex. App. – Houston [14th Dist.] 2009). The court relied on *Stoutner v. State*, 36 S.W.3d 716 (Tex. App. – Houston [1st Dist.] 2001, pet. ref'd), and *Weaver v. State*, 721 S.W.2d 495 (Tex. App. – Houston [1st dist.] 1986, pet. ref'd). *Id.* The State filed a petition for discretionary review arguing that the evidence was sufficient.

We recently found the evidence sufficient in a DWI case with facts similar to this one. *Kuciemba v. State*, __ S.W.3d __, No. PD-512-09 (Tex. Crim. App. May 26, 2010). That appellate court had also relied on *Stoutner* and *Weaver* in reversing the conviction. In reversing the appellate court, we noted that "[b]eing intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident."

The Court of Appeals did not have the benefit of our opinion in *Kuciemba*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Kuciemba*.

DATE DELIVERED: JUNE 30, 2010

PUBLISH