Opinion filed September 2,
2010

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00154-CR 

                                                    __________

 

                                KALE
BLAKE HUGHES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                       On
Appeal from the County Court

 

                                                          Eastland
County, Texas

 

                                                     Trial
Court Cause No. 06-638

 



 

                                                                  O
P I N I O N

            The
jury convicted Kale Blake Hughes of a Class B misdemeanor offense of driving
while intoxicated and assessed his punishment at confinement for thirty days in
the Eastland County Jail and a fine of $200.  Following the jury’s
recommendation, the trial court suspended the imposition of the sentence and
placed appellant on community supervision for six months.  We affirm.

 

Issues
on Appeal

            In
two appellate issues, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction.  To determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Hooper v. State, 214 S.W.3d
9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.  The jury, as the finder of fact,
is the sole judge of the weight and credibility of the witnesses’ testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

The
Evidence at Trial

            Department
of Public Safety Trooper Michael Orsini testified at trial.  On October 22,
2006, at about 1:43 a.m., he was dispatched to the scene of a possible one-vehicle
accident on FM 2563 in Eastland County.  As Trooper Orsini drove east on FM
2563 to the scene, he saw appellant walking west along the highway.  He stopped
his patrol car and talked to appellant.  Appellant said that he had gotten his pickup
stuck in a ditch when he was attempting to make a U-turn.  Trooper Orsini
smelled a strong odor of alcohol coming from appellant, and he activated the
video camera in his patrol car.  The State introduced a DVD copy of the video
of Trooper Orsini’s encounter with appellant into evidence and played part of
the DVD for the jury.  That part began at 1:52 a.m. when Trooper Orsini
activated his camera and ended at 2:02 a.m. when he placed appellant in
handcuffs.  We have viewed the DVD, and it is consistent with Trooper Orsini’s
testimony.

            Trooper
Orsini gave appellant a ride back to his pickup, which was located about
three-fourths of a mile away from where he initially saw appellant walking.  Appellant’s
pickup had been wrecked and had sustained extensive damage.  Trooper Orsini
testified that “the front right axle was knocked off, up underneath the
undercarriage of the vehicle, and [the] driveshaft was broken.”  Appellant had
hit a culvert and a ditch, and his vehicle had come to rest on top of the
roadway.  After he smelled alcohol on appellant while appellant was in the patrol
car and after he saw the damage to appellant’s vehicle, Trooper Orsini began a
DWI investigation.

            Trooper
Orsini testified that “[appellant] had real glassy and red bloodshot eyes,”
“was kind of slurring his speech a little bit, [and] mumbling.”  Trooper Orsini
performed field sobriety tests on appellant, including an HGN test, a walk-and-turn
test, and a one-leg stand test.  The DVD shows that Trooper Orsini started the
field sobriety tests at about 1:56 a.m.  The HGN test revealed all six possible
clues of intoxication.  Therefore, appellant failed the HGN test.  Appellant
also failed the walk-and-turn test.  The DVD shows that, during the one-leg
stand test, appellant stated, “I couldn’t do this sober.”  During Trooper
Orsini’s testimony, appellant’s counsel stipulated that, when Trooper Orsini
performed the sobriety tests, “[appellant] certainly was more intoxicated than
what the law allows.”

            After
Trooper Orsini completed the field sobriety tests, he asked appellant about the
keys to his pickup.  Appellant had the keys in his pocket, and he gave them to
Trooper Orsini.  Trooper Orsini arrested appellant for driving while
intoxicated and placed him in handcuffs.  Trooper Orsini placed appellant in
his patrol car and then drove appellant to the Eastland County jail.  At the
jail, Trooper Orsini conducted an intoxilyzer test on appellant.  The test
began at about 2:36 a.m. and was completed at about 2:40 a.m.  After the test
was completed, Trooper Orsini gave appellant his Miranda[1]
warnings and then interviewed him.  Appellant said that he had been
operating a vehicle, that he had started his trip from Carbon at 1:45 a.m., and
that his intended destination had been home.  Appellant also said that he had consumed
six or seven beers and that he had consumed his last beer at 12:30 a.m.  Trooper
Orsini testified that, in his opinion, appellant “was extremely intoxicated”
when appellant was in his presence.

            Bob
Browder, a forensics chemist with the Department of Public Safety, testified
about the results of the intoxilyzer test.  He said that the two breath samples
taken from appellant showed alcohol concentrations of 0.177 and 0.169.  Browder
testified that, in his opinion, a person with an alcohol concentration level of
0.177 or 0.169 would have lost the normal use of his mental or physical
faculties for the purpose of operating a motor vehicle.

Analysis

            A
person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a) (Vernon
2003).  “Intoxicated” is defined as “not having the normal use of mental or
physical faculties by reason of the introduction of alcohol . . . into the
body” or “having an alcohol concentration of 0.08 or more.”  Tex. Penal Code Ann. § 49.01(2)(A)-(B)
(Vernon 2003).

            We
note that appellant does not challenge the sufficiency of the evidence to
establish that he was driving the pickup when the accident occurred.  The
evidence supported the conclusion that he was driving the pickup.  He told
Trooper Orsini that he was driving the pickup, and he had the keys to the pickup
in his pocket after the accident.

            Appellant
concedes in his brief that he was “clearly intoxicated by the time the officer
first encountered him on the highway.”  However, he contends that “there [was]
no evidence that he was intoxicated while driving at an earlier time.”  Appellant
relies on a lack of evidence as to the time that the accident occurred.  He
contends that there was no evidence of his condition at the unknown time of the
accident and that, therefore, the evidence was legally and factually
insufficient to support his conviction.

            Proof
of the precise time of an accident or of the defendant’s driving is not
required to prove the offense of driving while intoxicated.  Kuciemba v.
State, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); Kennemur v. State,
280 S.W.3d 305, 314 n.8 (Tex. App.—Amarillo 2008, pet. ref’d); Zavala v.
State, 89 S.W.3d 134, 139 (Tex. App.—Corpus Christi 2002, no pet.).  However,
the State must present evidence establishing “a temporal link between the
defendant’s  intoxication and his driving.”  Kuciemba, 310 S.W.3d at 462. 
Thus, there must be proof from which the jury can conclude that, at the time of
the driving in question, whenever that may have been, the defendant was
intoxicated.  Zavala, 89 S.W.3d at 139.  A conviction for driving while
intoxicated can be supported solely by circumstantial evidence.  Kuciemba,
310 S.W.3d at 462.  Being intoxicated at the scene of a traffic accident in
which the defendant was the driver is some circumstantial evidence that the defendant’s
intoxication caused the accident, and the inference of causation is even
stronger when the accident is a one-car collision with an inanimate object.  Id.

            Appellant
told Trooper Orsini that he drank six or seven beers and that he had his last
beer at 12:30 a.m.  Appellant did not believe that he left Carbon until 1:45
a.m.  Trooper Orsini was dispatched to the accident scene at about 1:43 a.m.  Based
on the evidence, the jury could have reasonably concluded that appellant drank
six or seven beers before the accident; that he drank his last beer at 12:30
a.m.; that the accident occurred after he drank his last beer; and that the
accident occurred, at the latest, about one hour and fifteen minutes after he
drank his last beer.  Trooper Orsini met appellant at 1:52 a.m. and, within a
short period of time, determined that appellant was “extremely intoxicated.”  Trooper
Orsini performed the intoxilyzer test at the jail from about 2:36 a.m. until about
2:40 a.m.  The intoxilyzer test results showed that appellant had alcohol
concentration levels of 0.177 and 0.169, which more than doubled the legal limit
of 0.08.  Appellant’s high blood alcohol concentration levels supported an
inference “that he had been intoxicated for quite a while.”  Kuciemba,
310 S.W.3d at 463.  The evidence was sufficient to establish a temporal link
between appellant’s driving and his intoxication.   

            The evidence
was legally and factually sufficient to establish that appellant operated his pickup
while intoxicated.[2] 
Appellant’s issues are overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

September 2,
2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 









[1]Miranda v. Arizona, 384 U.S. 436 (1966).





[2]Appellant relies on Scillitani v. State, 297
S.W.3d 498 (Tex. App.—Houston [14th Dist.] 2009), vacated, No.
PD-0069-10, 2010 WL 2606485 (Tex. Crim. App. June 30, 2010) (per curiam).  In Scillitani,
the court of appeals held that the evidence was legally insufficient to support
the appellant’s conviction for driving while intoxicated.  Id. at 503.  Scillitani
is factually distinguishable from this case.  In addition, the Court of
Criminal Appeals recently vacated the judgment of the court of appeals in Scillitani
and remanded the case to the court of appeals in light of the Court of Criminal
Appeals’s opinion in Kuciemba.