NUMBER 13-10-00206-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

GAY C. DAVIS 

A/K/A GAY CAROLYN
DAVIS,                                                    Appellant, 

 

  v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the County
Court at Law 

of San Patricio
County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes   

Memorandum Opinion by
Justice Perkes  

 

            Appellant,
Gay C. Davis, appeals her conviction for driving while intoxicated, a Class B
misdemeanor.  See Tex. Penal Code
Ann. § 49.04(a) (West 2003).  Following a bench trial,
appellant was found guilty and sentenced to 180 days of confinement in the
county jail.  On appellant’s motion for community supervision, the trial court
suspended the imposition of the jail sentence and released appellant on community
supervision for a term of 365 days.  The trial court also imposed a $2,000
fine, probated to $1,500, plus court costs and a $40 community-supervision
fee.  By one issue, appellant claims the evidence adduced at trial is legally
insufficient to sustain her conviction.  We affirm.

I.      FACTUAL AND PROCEDURAL BACKGROUND

            On
September 6, 2008, emergency personnel responded to a one-vehicle automobile
accident that occurred in broad daylight on a county road.  A pick-up truck was
on its side in the tree line, with dense brush, power lines, and two fallen
utility poles surrounding it.  Despite having been warned by a bystander not to
crawl through the power lines in case they were “live,” appellant crawled
through the power lines.  The bystander identified appellant as the driver of
the truck.  According to the bystander, appellant was alone in the truck.

            As her ambulance unit arrived at the scene,
paramedic Diedre Hernandez saw downed power lines and a vehicle in the brush.  Hernandez
and her partner, Ray Vargas, saw appellant barefoot and running toward them,
away from the accident scene.  It appeared appellant intended to run past their
ambulance unit, so Hernandez and Vargas pursued her.  Appellant was agitated
and admitted to Hernandez and Vargas she had been involved in the auto accident
while traveling alone in the now-wrecked pick-up.  Hernandez could not recall
whether appellant smelled like alcohol at the scene, but she testified appellant
was rambling about various topics such as trust, her mother, and her
childhood.  Hernandez testified that when asked if she would like to go to the
hospital, appellant answered, “Just shoot me.”  Appellant admitted to Hernandez
that on the morning of the accident she had taken two medications, one of which
was Lorazepam, which Hernandez identified as a benzodiazepine, and also
consumed “two fingers” of alcohol.  Hernandez testified the auto accident
happened before lunch time.     

            Paramedic
Kartney Nunez arrived at the scene in a second ambulance unit.  She testified appellant
was rambling at the scene about her broken heart, her mother, and a hair-lipped
woman.  Nunez testified appellant declined any medical treatment, including
routine precautions to protect against possible spinal injury, and declined
multiple offers to be taken to a hospital for examination.  Nunez testified appellant
admitted to her at the scene that she “had been drinking” and had taken “some
medications” prior to the auto accident. 

            Trooper Samuel Cody Lankford of the Texas
Department of Public Safety also went to the scene and testified at trial. 
Lankford testified that as a trooper, he received specialized training on
identifying intoxicated individuals.  Lankford testified he is certified to
administer field-sobriety tests.  Lankford first made contact with appellant in
an ambulance unit and he observed that her eyes were “very, very red,” her
breath smelled of alcohol, and she was not speaking clearly.  Lankford
testified appellant’s “thoughts seemed to be very disconnected” and described
appellant’s speech as “rambling” and “off topic.”  Lankford testified appellant
admitted to him at the scene that prior to driving, she drank Tarantula, which
he determined was a brand of tequila, and took two medications, Lexapro and
Lorazepam.   

            Appellant was unsteady on her feet as
Lankford walked with her to his patrol car.  Because appellant was barefoot and
the pavement was hot, Lankford decided against administering any field-sobriety
tests that would require appellant to stand outside.  When Lankford placed
appellant in his patrol car, she “immediately leaned the seat back and started
to pass out . . . There were several times in the car she just seemed to drift
off and fade away.”  This is documented in a video of appellant in the patrol
car, which was admitted in evidence at trial without objection.  In the video,
appellant could not recite the alphabet correctly when Lankford asked her to do
so.  She also failed a finger-count test Lankford administered.  Lankford
testified that these tests are alternative sobriety tests to those performed
outside.  Lankford requested a blood sample from appellant, but she refused to
give one.  Lankford testified that after observing appellant and talking with
her at the scene, he formed the opinion that she did not have the normal use of
her mental or physical faculties as a result of ingesting alcohol and
medication.  

            Deputy Ronnie Lee Huegler, Sr. of the San
Patricio County Sherriff’s Department transported appellant to a hospital for a
medical examination required prior to jail intake.  Huegler testified that he
smelled the odor of alcohol on appellant’s breath and that even though he made
no attempt to interrogate appellant, she showed “[v]ery, very radical mood
swings” in normal conversation.  He specified that within a span of five
minutes appellant would converse normally, cry, become angry, and then converse
normally again.  In the course of their conversation, appellant volunteered
personal history and admitted to Huegler that she had consumed alcohol and then
drove.  Huegler testified he believed appellant also told him she had consumed
prescription medication.  According to Huegler’s testimony, he spent about
forty-five minutes in his patrol car with appellant driving her to the hospital
and then to the county jail.  Based on his field experience observing
intoxicated persons, Huegler testified appellant exhibited a “heavy
intoxication level” during his interaction with her.  He concluded appellant
was intoxicated to the extent she did not “have the normal use of her mental or
physical faculties.”  

            Appellant arrived at the jail at about 5:00
p.m.  Lankford testified that at the jail, appellant was uncooperative and still
“very out of it . . . [p]retty much like she was on the scene.”  When Lankford
attempted to complete jail-intake paperwork with appellant, she asked to be
taken “out and shot in the head, as she no longer had any reason to live.”

            Appellant was charged by information with
driving while intoxicated and subsequently convicted.  This appeal followed.    


II.    ANALYSIS AND DISCUSSION

            By
her sole issue on appeal, appellant argues the evidence is legally insufficient
to show she was intoxicated at the time she was driving.  Appellant argues that
to meet its burden of proof, the State needed evidence of the amount of time
that elapsed between the accident and the arrival of law enforcement at the
scene.  Appellant also argues her admission that she had been driving the truck
is insufficient to establish that she drove while intoxicated, absent
corroborating evidence that she was the driver. 

1.     Standard
of Review for Legal Sufficiency

The
Texas Court of Criminal Appeals has determined that the Jackson v. Virginia
legal-sufficiency standard is the only standard a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.  Brooks v. State, 323 S.W.3d
893, 894 (Tex. Crim. App. 2010)
(plurality op.).  Thus, we do not refer separately to legal or factual
sufficiency and we will review the evidence under the Jackson v. Virginia
standard as summarized below.

            Evidence is insufficient if, when viewed in a
light most favorable to the verdict, a rational jury could not have found each
element of the offense beyond a reasonable doubt.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443
U.S. 307 (1979)).  In evaluating a legal-sufficiency challenge, we consider all
of the evidence and view it in the light most favorable to the verdict.  Jackson,
443 U.S. at 319.  The issue on appeal is not whether we, as a court,
believe the State’s evidence or believe that appellant’s evidence outweighs the
State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App.
1984).  The verdict may not be overturned unless it is irrational or
unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact is the sole judge of
the credibility of the witnesses and of the strength of the evidence.  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The trier of fact
may choose to believe or disbelieve any portion of the witnesses’ testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997) (citing Jackson,
443 U.S. at 319).

 

 

2.     The
Elements of Driving While Intoxicated

       We
measure the sufficiency of the evidence by the elements of the offense as
defined by a hypothetically correct jury charge.  Villarreal
v. State, 286 S.W.3d 321, 327 (Tex. Crim. App.  2009) (citing Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  Such a charge is
one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.  Id.  A
person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a).  A
person is considered intoxicated if that person does not have the normal use of
his mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of those
substances or any other substance into the body or by having an alcohol
concentration above 0.08 or more in his breath, blood, or urine.  Id. § 49.01(2)(A)–(B)
(West 2003).

3.    The
Legal Sufficiency of the Evidence

       Appellant relies for her argument
on Scillitani v. State and cases cited therein.  297 S.W.3d 498, 500–01
(Tex. App.—Houston [14th Dist.] 2009), vacated by 315 S.W.3d 542 (per
curiam).  The Court of Criminal Appeals however, vacated
the Fourteenth Court of Appeals's judgment and remanded Scillitani
for reconsideration in light of Kuciemba v. State, 310 S.W.3d 460 (Tex. Crim.
App. 2010).  See Scillitani, 315 S.W.3d at 542.  In Kuciemba, the
court retained the requirement of showing a temporal link between the
defendant's driving and the intoxication, but held that circumstantial evidence
alone can establish this link.  Kuciemba, 310 S.W.3d at 462.  In Kuciemba,
the defendant was involved in a one-car accident and the State presented no
testimony describing his driving before the accident or establishing how soon
after the accident emergency responders arrived.  Id.  The court held
that “[b]eing intoxicated at the scene of a traffic accident in which the actor
was a driver is some circumstantial evidence that the actor’s intoxication
caused the accident, and the inference of causation is even stronger when the
accident is a one-car collision with an inanimate object.”  Id. The
record contained evidence that the defendant smelled of alcohol, was unsteady
on his feet, and his eyes were bloodshot.  Id. at 461.  The court
concluded that the defendant’s presence behind the steering wheel and his high
level of intoxication were evidence of the offense.  Id. at 462. 

    In this case, as in Kuciemba,
evidence establishing the amount of time that passed between the accident and
arrival of law enforcement is not essential to allow a reasonable fact finder
to conclude that appellant drove while intoxicated.  This case involves a
one-car accident with inanimate objects.  As summarized above, appellant
admitted multiple times that she had been driving the truck.  A bystander identified
appellant as the driver of the truck and said that she crossed through downed
power lines before running away from the accident scene.  Appellant failed two
field-sobriety tests and admitted she consumed tequila and two prescription
medications before driving.  Like the defendant in Kuciemba, appellant
had red eyes, her breath smelled of alcohol, and she was unsteady on her feet. 
See id.  Trooper Lankford and Deputy Huegler concluded that, based on
their respective training and experience, appellant was intoxicated.  Appellant
still appeared intoxicated when she arrived at the jail several hours after the
accident.  Based on the evidence in the record, a rational fact finder could
conclude beyond a reasonable doubt that appellant drove while intoxicated.  See
id. at 462–63; see also Zavala v. State, 89 S.W.3d 134, 139–40 (Tex.
App.—Corpus Christi 2002, no pet.).      

III.   CONCLUSION

            Because the evidence is legally sufficient to
sustain appellant’s conviction, we overrule her sole issue on appeal and affirm
the trial court’s judgment.

 

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the

2nd day of June, 2011.