In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00054-CR

                                                ______________________________

 

 

                                 PAUL ALLEN GILLILAND,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County
Court at Law

                                                              Cass County, Texas

                                                      Trial Court No. CCLM100192

 

                                                                
                                  

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            After
drinking “a couple beers and a couple cocktails,” Paul Allen Gilliland was
found asleep in the driver’s seat of a Chevrolet pickup truck that had
travelled into a ditch beside a state highway and gotten stuck in mud.  After a bench trial, Gilliland was convicted
of DWI and was sentenced to six months’ incarceration in county jail, which was
suspended and he was placed on community supervision for two years.[1]  Gilliland appeals the trial court’s judgment
on the sole ground of evidentiary sufficiency. 
We find that the judgment was supported by legally sufficient evidence.  We modify the judgment to reflect Gilliland’s
plea of not guilty and delete references to a plea agreement.  We affirm the judgment as modified. 

I.          Standard of Review

            In
evaluating legal sufficiency of the evidence supporting Gilliland’s DWI
conviction, we review all the evidence in the light most favorable to the
verdict to determine whether any rational fact-finder could have found the
essential elements of DWI beyond a reasonable doubt.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref’d)
(citing Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007)).  Our
rigorous legal sufficiency review focuses on the quality of the evidence
presented.  Brooks, 323 S.W.3d at 917 (Cochran, J., concurring).  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the trial judge “to fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see
Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim.
App. 2008); see also Vega v. State, 267 S.W.3d 912, 916 (Tex.
Crim. App. 2008).  Under the
hypothetically correct jury charge, Gilliland committed the offense of DWI if
(1) he (2) operated (3) a motor vehicle (4) in a public place (5) while
intoxicated.  Tex. Penal Code Ann. § 49.04 (West 2011).  While Gilliland admits that he operated a
motor vehicle, and was intoxicated, he argues that the evidence is insufficient
to establish that he was intoxicated at the time he operated the motor vehicle.  

II.        Facts 

            After
8:00 p.m. on December 8, 2009, Alfred Eugene Point, the Douglassville fire
chief and first responder, was dispatched to a one-car accident on Highway 77
approximately two-tenths of a mile east of the Douglassville city limits.  He found the vehicle in park with the engine off,
but noticed that the key was in the ignition.  State Trooper Jonathan Daniel Britton, who
arrived shortly thereafter, concluded that the vehicle Gilliland was sitting in
had spun out of control, did a turnover in the roadway and rolled backward down
into the embankment.  When Britton
arrived, the vehicle’s headlights were turned on and were “still bright so I
knew that the vehicle had been recently driven because if the vehicle had been
down there all afternoon and all evening the headlights would not be as bright
as they were.”  Britton found “freshly
made tire tracks” from the vehicle in the mud. 
Point smelled alcohol in the vehicle. 
He woke the sleeping Gilliland, who “beg[an] to curse [him].”  Britton approached Gilliland, who “got irate
with [Point] because he thought I called the law.”  Britton testified that he “could smell the
strong odor of alcohol.  I observed that
his eyes were watery, had a glassy appearance to them.”  Gilliland admitted to ingesting alcohol.  When asked if he was driving, Gilliland
claimed that his friend “Bill was driving the vehicle, [and] that he was just
out looking for his dog,” but no one else was found with Gilliland at the
scene.  The “passenger seat was scooted
forward,” and Britton testified a person of Gilliland’s “six foot three, 280”
pound “build could not have fit in that passenger seat.”  Further, Douglas Bill Heath testified that he
saw Gilliland driving on the day of the incident and that he was alone.  Heath testified that his father, Bill, was not
driving the truck and could not have driven the truck for medical reasons.  

            When
Gilliland exited the vehicle he “backhanded” Britton.  Gilliland also “hit [Point] over the head
with [a] bottle of water.”  He was then subdued
and arrested.  In the vehicle, Britton
found “an orange prescription bottle issued to Bill Heath for Hydrocodone that only had one pill left in the bottle,” as
well as “two 30-packs of beer in the bed of the truck,” which appeared to be
“freshly purchased” because the “condensation on it” and the beer was “very
cold to the touch.”  Gilliland claimed he
was injured and was taken to the hospital for assessment of alleged injuries
and to obtain a blood sample; he refused to co-operate in field sobriety tests.
 Britton testified, “At one point one of
the nurses was taking him down to the x-ray room.  I was following behind.  Mr. Gilliland was not aware that I was
there and he made comments to the nurse that led me to continue to believe that
he was actually operating that vehicle at the time of the crash.”  Gilliland told the “nurse about how he was
out driving around looking for his little dog, Pepper, and that he had slid off
the road.”  His blood sample contained
“0.17 grams of alcohol per 100 milliliters of blood.”  

            In
light of this evidence, Gilliland testified and admitted he was driving the
vehicle.  He also did not challenge the
fact of his intoxication.  But, Gilliland
testified that he “opened up a bottle” of whiskey and started drinking after he
became stuck in the ditch, which occurred between 2:30 and 3:00 in the
afternoon.  Gilliland claimed that he was
on the side of the highway “asleep in that truck for at least four or five
hours.”  He said, “[T]hen when I figured
out I was going, you know, to jail I had filled up a flask in the back of the
deal and I drank all the way to that hospital.” 
Britton testified that there were no open containers of alcohol in the
truck and that the only thing Gilliland drank between the time he encountered
him and his trip to the hospital was a bottle of water.  Further, while Gilliland testified at trial he
was only drinking whiskey, he had told the officers that he had had “a couple
beers and a couple cocktails.”  As the
sole judge of credibility of the witnesses and testimony, the trial judge could
have disregarded Gilliland’s claims.

III.       Linkage
of Driving and Intoxication 

            As far as the argument that there
was no “temporal link between” the driving and the intoxication, Gilliland was
sitting in the driver’s seat of a vehicle that had veered off the roadway and wedged
into bushes so that the driver’s door was not serviceable, the lights on the
car were on and were still bright, indicating that the battery had not
degraded, and tire tracks were freshly made and had not been washed away by the
rain.  Further, the only alcoholic
beverage or containers found at the scene were the unopened containers of
beer.  Rather than believing Gilliland’s
testimony that he drank a bottle of whiskey at the scene and from a flask while
in the ambulance, the trial court had the discretion to infer that Gilliland
did not have “the means or opportunity of ingesting alcohol from the time he
lost control of the [truck] until the officer found him,” suggesting that
Gilliland was intoxicated while operating the vehicle.  Kuciemba v. State,
310 S.W.3d 460, 463 (Tex. Crim. App. 2010). 
Finally, the Texas Court of Criminal Appeals has made it clear that “[b]eing intoxicated at the scene of a traffic accident in
which the actor was a driver is some circumstantial evidence that the actor’s
intoxication caused the accident, and the inference of causation is even
stronger when the accident is a one-car collision with an inanimate object.”  Id.;
see Scillitanti
v. State, 315 S.W.3d 542 (Tex. Crim. App. 2010) (per curiam).  “A conviction can be supported solely by
circumstantial evidence.”  Kuciemba, 310
S.W.3d at 462.  We find the evidence was
legally sufficient to support Gilliland’s DWI conviction.  Gilliland’s sole point of error is overruled.


IV.       Reform
Judgment 

            The Texas Rules of Appellate
Procedure give this Court authority to reform judgments and correct
typographical errors to make the record speak the truth.  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356 (Tex.
App.—Texarkana 2009, no pet.).  “Our
authority to reform incorrect judgments is not dependent on the request of any
party, nor does it turn on a question of whether a party has or has not
objected in trial court; we may act sua sponte and may have a duty to do so.”  Rhoten, 299 S.W.3d at 356 (citing Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref’d)).  The
judgment in this case reflects that Gilliland pled guilty to the offense and
that a plea bargain was reached in this case. 
This was incorrect.  Gilliland
pled “[n]ot guilty” and specifically rejected a
negotiated plea of guilty.  We modify the
judgment to reflect Gilliland’s plea of “[n]ot
guilty” and delete references to a plea bargain.  

            We
affirm the trial court’s judgment as modified. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          August
29, 2011

Date Decided:             September
2, 2011

 

Do Not Publish

 











[1]Additionally,
Gilliland was ordered to serve fifteen days in jail as a condition of community
supervision.  Since he had served
seventy-four days prior to trial, credit was given for the jail
confinement.