

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0876-13

### DANA HANNA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.**

While appellant was driving while intoxicated, his car struck a utility pole. The pole was broken in half, with power lines spread on the ground. I believe that those facts, by themselves, are sufficient circumstantial evidence of causation (that the defendant's crime of driving while intoxicated caused the damage to the utility pole). As we stated in *Kuciemba v. State*, "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even

stronger when the accident is a one-car collision with an inanimate object."[1]  This statement, made in connection with the sufficiency of the evidence to support a DWI conviction, in which the applicable standard of proof at trial was "beyond a reasonable doubt," should apply with even greater force to the restitution inquiry, which involves the lesser standard of proof of "preponderance of the evidence."[2]  And although appellant claimed that his car struck the utility pole because he ran over a water puddle, the trial judge did not have to credit that self-serving explanation.[3]

Further, the force with which appellant hit the utility pole—causing it to break in half—is evidence that appellant failed to timely apply his brakes.  The trial judge could rationally infer that such a failure was due to appellant's intoxication.

I agree with the Court's analysis of Article 42.037, but I disagree with the way the Court has

---

[1]  310 S.W.3d 460, 462 (Tex. Crim. App. 2010).  *See also Scillitani v. State*, 315 S.W.3d 542 (Tex. Crim. App. 2010) (vacating and remanding in light of *Kuciemba* and referring to our statement that "[b]eing intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident").  The Court contends that the issue in *Kuciemba* was whether the defendant was intoxicated while driving, not whether his intoxication caused the accident.  That is true, but we found that a jury could conclude that the defendant was intoxicated while driving *because* it could infer that his intoxication caused the accident.  Thus, the holding in *Kuciemba* is directly applicable to this case.

[2]  *See Idowu v. State*, 73 S.W.3d 918, 920 n.5 (Tex. Crim. App. 2002) (burden of proof at restitution hearing is preponderance of the evidence).

[3]  *See Campbell v. State*, 5 S.W.3d 693, 698-99 (Tex. Crim. App. 1999) (Though it must take into account the findings of the jury, the trial judge determines the amount of restitution and can assess restitution in an amount that exceeds the property-value range for which the jury convicts the defendant.); *Wilson v. State*, 311 S.W.3d 452, 458 (Tex. Crim. App. 2010) ("As the sole trier of fact during a . . . hearing, the trial court may believe or disbelieve all or any part of a witness's testimony.").

applied it in this case.  I therefore respectfully dissent.

Filed: April 9, 2014
Publish